**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-3016-WJM

WILLIAM PAGAN,

     Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of the Social Security Administration,

     Defendant.

---

**ORDER AFFIRMING DECISION OF THE ADMINISTRATIVE LAW JUDGE**

---

     This social security benefits appeal is before the Court under 42 U.S.C. § 405(g).
Plaintiff William Pagan ("Plaintiff") challenges the final decision of Defendant, the
Commissioner of Social Security ("Commissioner"), denying his application for disability
insurance benefits.  The denial was affirmed by an Administrative Law Judge, who ruled
Plaintiff was not disabled within the meaning of the Social Security Act ("Act").  This
appeal followed.

     For the reasons set forth below, the ALJ's decision denying Plaintiff's application
for Social Security disability benefits is AFFIRMED.

## I.  BACKGROUND

     Plaintiff William Pagan was born on June 5, 1967 and was 32 years old on the
alleged disability onset date.  (Admin. Record ("R.") (ECF No. 9) at 302.)  Plaintiff has at
least a high school education, is able to communicate in English, and has past relevant

work experience as a laborer, machine operator, service representative, and stocker. (*Id.*)

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income on February 27, 2007, alleging that he had been disabled since March 1, 2000 due to several impairments, including anti-social personality disorder, post-traumatic stress disorder, and several physical impairments.  (R. at 295, 298.)  Plaintiff's application was initially denied on August 20, 2007.  (R. at 7.)  After requesting a hearing, Plaintiff's claims were heard by Administrative Law Judge ("ALJ") William Musseman on December 17, 2008.  (*Id.*) Plaintiff and vocational expert Martin L. Rauer testified at this administrative hearing. (*Id.*)  Medical evidence and opinions were provided by, among other sources, treating psychiatrist Dr. Musharraf Nizami, M.D.; social worker Tom Clemens, L.C.S.W.; social worker Cynthia Jimenez, L.C.S.W.; state agency reviewing physician Donald G. Glasco, M.D.; and reviewing physicians Steven Martin, M.D., and Carlos Rodriguez, Ph.D.  (R. at 10-13.)

The ALJ issued a written decision denying the application on March 24, 2009. (R. at 17.)  Plaintiff's request for review was denied by the Appeals Council on October 9, 2009.  (R. at 353.)  Plaintiff then filed an appeal before this Court, arguing that the ALJ erred in his analysis of all of the medical sources enumerated above.  The Court, U.S. District Judge Zita L. Weinshienk presiding, reversed and remanded the case for consideration and evaluation of the treatment notes of Mr. Clemens, affirming the remainder of the analyses in the ALJ's decision.  (R. at 323-31.)

On remand, the ALJ held a second hearing on October 14, 2011.  (R. at 295.) Plaintiff and vocational expert Doris J. Shriver testified at the second hearing.  (*Id.*) Additional medical evidence was provided by, among other sources, social worker Elizabeth Richards, M.S.W., L.C.S.W.  (R. at 463-64, 475-503.)

On December 1, 2011, the ALJ issued a new written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2000, the alleged onset date.  (R. at 298.)  At step two, he found that Plaintiff suffered from the mental impairments of anti-social personality disorder and post-traumatic stress disorder, and that both were severe impairments.  (*Id.*)  The ALJ did not find any of Plaintiff's physical impairments to be severe.  (*Id.*)  At step three, the ALJ found that Plaintiff's anti-social personality disorder and post-traumatic stress disorder, while severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations.  (*Id.*)  In so finding, the ALJ considered the psychiatric review technique "B criteria", and assessed Plaintiff's limitations in daily living, social functioning, concentration and pace, and episodes of decompensation.  (R. at 298-99.)

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that he had the physical RFC to perform a full range of work at all exertional levels, but had the following nonexertional limitations: no work with the general public, only minimal supervision, and no complex tasks, meaning he could perform work with a specific vocational preparation ("SVP") of two or less and a general education development ("GED") of one or two.  (R. at 299.)  Given this RFC, at step four the ALJ found that Plaintiff could not perform any of his past relevant work.  (R. at 302.)  At step five, based upon testimony from the two vocational experts at each of the hearings, the ALJ found that Plaintiff was capable of performing other work in the national economy, including work as a floor wax technician, a bottle line attendant, and a small product assembler.  (R. at 303.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits.  (*Id.*)

The Appeals Council denied Plaintiff's request for review on September 25, 2012.  (R. at 282.)  Thus, the ALJ's December 1, 2011 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399

F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  ANALYSIS

On appeal, Plaintiff raises three arguments for reversal: (1) the ALJ failed to comply with the Court's remand instructions to consider Mr. Clemens's treatment notes; (2) the ALJ failed to properly weigh the RFC assessment of social worker Ms. Richards; and (3) the ALJ relied on Dr. Glasco's opinion but failed to incorporate all of his limitations into the RFC or explain why those limitations were excluded.  (ECF No. 12 at 8-9.)  Plaintiff alleges that each of these errors requires reversal either because it was caused by the ALJ's application of the wrong legal standard, or that it resulted in a decision that was not based on substantial evidence.  (*Id.*)  The Court will address each of Plaintiff's arguments in turn below.

### A.     Mr. Clemens

Plaintiff makes three arguments with respect to the ALJ's analysis of Mr. Clemens's treatment notes, contending that: (1) the ALJ failed to comply with the Court's remand instructions because he did not properly consider Mr. Clemens's treatment notes; (2) the ALJ improperly weighed Mr. Clemens's treatment notes; and (3) the ALJ failed to explain why he did not accept Mr. Clemens's RFC opinion despite finding his treatment notes reliable.  (ECF No. 12 at 13-22.)

The Court has reviewed the remand order, and finds that the ALJ properly complied with its instructions to consider and evaluate Mr. Clemens's treatment notes. (*See* R. at 327.)  The ALJ's decision reviewed Mr. Clemens's treatment notes in the context of the other treating therapist source opinions in the Record, and found that "his treatment notes were consistent with the [ALJ's] residual functional capacity assessment." (R. at 301.)  The ALJ's analysis thus complied with the remand order, which found error in the ALJ's previous failure to "discuss or mention Mr. Clemens' records at all in his written decision." (R. at 327.)  Accordingly, the ALJ did not err in failing to follow the Court's remand order.

Even so, Plaintiff contends that the ALJ's analysis of Mr. Clemens's treatment notes was in error because the ALJ "did not fairly and adequately evaluate" them. (ECF No. 12 at 14.)  Plaintiff argues that the ALJ discussed the parts of Mr. Clemens's treatment notes that supported the ALJ's RFC assessment while ignoring and mischaracterizing those parts that suggested greater limitations. (*Id.* at 14-18.)  However, the Court can neither substitute its own judgment for the agency, nor reweigh the evidence in place of the ALJ.  *See Salazar*, 468 F.3d at 621.  The ALJ is not required to show that the preponderance of the evidence supports his finding, but need only base his evaluation on "more than a scintilla" of evidence to meet the substantial evidence standard.  *Lax*, 489 F.3d at 1084.  Having reviewed the Record, the Court finds that the ALJ's evaluation of Mr. Clemens's treatment notes was supported by substantial evidence, and thus was not error.

Plaintiff next argues that the ALJ improperly considered Mr. Clemens's RFC opinion, contending that the ALJ ignored the fact that Mr. Clemens had co-signed an

6

RFC opinion with Dr. Nizami, and that the ALJ should have accepted that RFC opinion because he found Mr. Clemens's treatment notes reliable.  (ECF No. 12 at 19-22.)

The ALJ's decision stated that "Mr. Clemens did not complete an assessment of claimant's functioning which would be entitled to any type of weight; however, his treatment notes were consistent with the [ALJ's RFC] assessment."  (R. at 301.) Plaintiff argues that because Mr. Clemens co-signed an RFC assessment with Dr. Nizami, the ALJ should have weighed that assessment when discussing Mr. Clemens's records.  (ECF No. 12 at 19-20.)  Plaintiff urges the Court to hold the Commissioner to the letter of Social Security Ruling ("SSR") 06-03p regarding opinions of non-acceptable medical sources such as Mr. Clemens, arguing that SSR 06-03p requires that "the adjudicator generally should explain the weight given to opinions from these 'other sources'".  (ECF No. 12 at 23 (citing *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007)).)

Plaintiff's argument is inapplicable here, where the ALJ had already discussed the RFC assessment in question when evaluating the opinions of Dr. Nizami.  (*See* R. at 301 (citing Ex. 18F).)  The Court's prior Order affirmed the ALJ's decision not to afford any weight to this assessment because it was unsupported and contradicted by Dr. Nizami's own records.  (R. at 324-26.)  Further, Plaintiff's citation to *Frantz* and SSR 06-03p selectively omits the remainder of the sentence:  "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case".  SSR 06-03p, 2006 WL

7

2329939, at *6 (S.S.A Aug. 9, 2006); *see also Frantz*, 509 F.3d at 1302.  The ALJ's

decision sufficiently allows the reviewing Court to follow his reasoning.  Thus, nothing in

the Court's Order or Tenth Circuit precedent requires the ALJ to repeat his analysis of

evidence in the Record that he already rejected based upon its inconsistency with the

records of an acceptable medical source, merely because a non-acceptable medical

source also signed that evidence.

For the same reasons, the Court rejects Plaintiff's contention that the RFC

opinion co-signed by Mr. Clemens and Dr. Nizami should have been accepted because

the ALJ found Mr. Clemens's treatment notes reliable.  The ALJ discussed his reasons

for rejecting that RFC opinion, and also discussed his reasons for finding that Mr.

Clemens's treatment notes supported the ALJ's own RFC assessment.  (R. at 301.)

This did not constitute error.

Accordingly, the Court finds no error in the ALJ's analysis of Mr. Clemens's

treatment notes, and finds that the ALJ properly complied with the Court's remand

instructions.

**B.     Ms. Richards**

Plaintiff argues that the ALJ improperly weighed Ms. Richards's RFC

assessment because he discussed only the less serious references while ignoring the

indications of more serious problems.  (ECF No. 12 at 22-26.)

As with Plaintiff's similar argument with respect to Mr. Clemens's treatment

notes, Plaintiff's contention that the ALJ chose to mention only some of Ms. Richards's

notes but ignored others does not mandate reversal.  The ALJ's decision need only be

supported by substantial evidence in the record, not by the preponderance of the

evidence.  *Lax*, 489 F.3d at 1084.  The ALJ discussed Ms. Richards's opinion, and

applied the correct legal standard in electing to assign it "little, if any, weight".  (*See* R.

at 302.)

Because "more than a scintilla" of evidence exists to support the ALJ's

evaluation of Ms. Richards's opinions, and that evidence was not overwhelmed by

contrary evidence, the Court finds that the ALJ's analysis was supported by substantial

evidence in the record.  *See Lax*, 489 F.3d at 1084.   Accordingly, the ALJ did not err in

weighing the evidence provided by Ms. Richards.

## C.     Dr. Glasco

Finally, Plaintiff argues that the ALJ erred in omitting certain of the limitations in

the RFC assessment of Dr. Glasco.  (ECF No. 12 at 26-30.)  The ALJ found that, "[a]s

noted in the prior decision," Dr. Glasco's opinion was consistent with the evidence in the

Record and merited "significant weight."  (R. at 301.)  In his prior decision, the ALJ

discussed the RFC limitations in Dr. Glasco's opinion, including limiting Plaintiff to

"performing work needing little or no judgment, involving simple duties . . . [and] could

not work closely with supervisors or co-workers . . . ."  (R. at 13.)  Plaintiff argues that

the ALJ failed to account for Dr. Glasco's limitations with respect to minimal judgment,

simple duties, and co-workers, without explaining why he omitted these limitations from

the RFC.  (ECF No. 12 at 28.)

With respect to the minimal judgment and simple duties limitations, the

Commissioner contends that the ALJ did in fact include these limitations in the RFC, as

they were encompassed within the ALJ's limitation to work with an SVP of two or less.

(ECF No. 13 at 12-13.)  The Court agrees that work with an SVP of two or less

necessarily includes a limit to unskilled, simple, and routine tasks with little or no independent judgment.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). Thus, Plaintiff's contention that Dr. Glasco's limitations on minimal judgment and simple duties were not incorporated into the ALJ's RFC is not supported by the Record.

However, the Commissioner admits that the ALJ failed to include any limitation with respect to close work with co-workers, and that the ALJ did not explain why this limitation was excluded.  (ECF No. 13 at 13-14.)  While "an ALJ does not have to discuss every piece of evidence, . . . he or she is required to discuss the uncontroverted evidence not relied upon and significantly probative evidence that is rejected."  *Frantz*, 509 F.3d at 1303 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Accordingly, to the extent that Dr. Glasco's co-workers limitation was uncontroverted or significantly probative evidence, the ALJ erred in not discussing why it was not included in the RFC.

However, even if the ALJ's failure to include the co-workers limitation was error, that error was harmless.  An error is harmless "where, based on material the ALJ did at least consider (just not properly), [the Court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005).

Here, the Commissioner points out that even if the ALJ had included the co-workers limitation in the RFC, Plaintiff would still have been found capable of performing the jobs identified by the vocational experts because none of them required close work with co-workers.  (ECF No. 13 at 13-14 (citing the Dictionary of Occupational

Titles ("DOT")).)  The Court agrees that none of the representative occupations identified by the vocational experts, including floor wax tech, bottle line attendant, or small product assembler, require the close work with co-workers that would have been circumscribed by the RFC if the co-worker limitation had been included.  *See* DOT 381.687-034, 1991 WL 673262 (waxer, floor); DOT 920.687-042, 1991 WL 687971 (bottling-line attendant); DOT 706.684-022, 1991 WL 679080 (assembler, small products).  Accordingly, even following the correct analysis, a reasonable factfinder would still have found Plaintiff capable of performing these occupations.  *See Fischer-Ross*, 431 F.3d at 734.

In sum, the Court rejects Plaintiff's arguments of error, and finds that the ALJ applied the correct legal standards and his conclusions were supported by substantial evidence in the record.

### III.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 24th day of January, 2014.

BY THE COURT:

William J. Martinez
United States District Judge